**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JENNIFER LOUISE ROZIER,**

    **Plaintiff,**

vs.                                           **Case No. 4:10cv509-SPM/WCS**

**NATHANIEL GALLON
and GREG REED,**

    **Defendants.**

                                        /

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff has filed a third amended complaint, doc. 11. Plaintiff has been directed in three separate orders, docs. 4, 8, and 10, that her complaints must comply with the requirements of Federal Rule of Civil Procedure 10(b) and Plaintiff was ordered to set forth the factual allegations of her case in separately numbered paragraphs. Plaintiff was advised that compliance with the rule is not optional. *See* doc 10, p. 1. Plaintiff was also advised that if she wanted to continue with her case, she must comply and she was further advised that opportunities to submit a complaint were not unlimited. *Id.*, at 2. Plaintiff has once again failed to comply with court orders and the Rules of Civil Procedure.

Beyond this procedural deficiency, Plaintiff's third amended complaint alleges that the two Defendants, both of whom are officers with the Florida Highway Patrol, stopped her vehicle. Plaintiff was stopped for having a "busted out headlight" and she was directed to provide proof of insurance, registration, and warned that if she lied to them, she was "going to jail" and her car would be confiscated. At another point, Plaintiff indicates the officers "falsely" accused her of taking them on a "high speed chase." Plaintiff contends she was so upset with the way she was treated, she became ill and had an anxiety attack. Plaintiff claims the officers delayed calling 911 to provide her with assistance. Doc. 11. Plaintiff claims the officers interfered "with [her] daily process." *Id.*, at 3.

Plaintiff has not alleged facts which show a Constitutional violation. In Plaintiff's statement of claims, she alleges a violation of "Title VII" which is not correct. However, construed liberally, Plaintiff's claims would necessarily fall under the Fourth Amendment. Nevertheless, law enforcement officials may lawfully stop a vehicle for traffic infractions, such as having faulty headlights. The allegations reveal a basis for the stop, and Plaintiff does not dispute that reason. Plaintiff is upset with the treatment she received and the way the officers spoke to her. However, the Constitution does not mandate that all persons conduct themselves in a polite and respectful manner; it does not require civility and is "not a font of tort law." Peterson v. Baker, 504 F.3d 1331, 1340 (11th Cir. 2007). Plaintiff alleges only unprofessional conduct, not a constitutional violation.

A successful section 1983 action requires that Plaintiff show she was "deprived of a federal right by a person acting under color of state law." Harvey v. Harvey, 949

F.2d 1127, 1130 (11th Cir. 1992) (*citing* <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978)). Plaintiff has not presented facts which reveal that any constitutional right was violated. There have already been sufficient opportunities provided to Plaintiff to present a viable complaint.[1] Further leave to amend should not be provided and this case should be dismissed for failure to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on April 6, 2011.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] It is also noted that the claim alleged arises on about September 6 or 7, 2006, and the initial complaint was noted filed until November 15, 2010. Doc. 1. The claim is probably barred by the four year statute of limitations. <u>Owens v. Okure</u>, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); <u>Rindley v. Gallagher</u>, 890 F.Supp. 1540, 1549, n. 1 (S.D. Fla. 1995) (citing <u>Wilson</u>).